JOHN DEVLIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 20, 1882.*

1. NEW TRIAL—*upon the evidence—in a criminal case.* In a criminal prosecution, upon the question of the identity of the accused, which has been determined by the jury, an appellate court will not disturb the verdict except for the most satisfactory reasons.

2. INSTRUCTIONS—*stating mere abstract propositions of law.* While the giving of an instruction which states merely abstract propositions of law, may not in all cases be regarded as error, it is not error to refuse such an instruction.

3. SAME—*relating to the testimony of particular witnesses.* It is not allowable in an instruction to call the attention of the jury to, and lay particular stress upon, the testimony of certain witnesses concerning facts about which the evidence is contradictory.

4. SAME—*as tending to discredit some of the witnesses.* Upon the question of the personal identity of persons on trial upon a criminal charge, several witnesses testified. The trial court was asked to instruct the jury that they were "not bound to believe that any witness or witnesses were able to identify the defendants with certainty, because they may have sworn posi-

tively to their identity; and the jury should not so believe if they themselves were satisfied, from the circumstances proved, that there was a reasonable doubt as to whether any witness or witnesses were able to and did identify the defendants as the guilty persons." It was *held*, not error to refuse the instruction.

5. The vice of the instruction was, that, in effect, the jury were told that if they should believe that *any one* of the witnesses who testified on the subject was unable to identify the prisoners as the guilty parties, they should not believe any of the other witnesses would be able to identify them, even though such other witnesses *could* and *did* fix such identity by their testimony.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

At the March term, A. D. 1882, of the Criminal Court of Cook county, John Devlin and John Van Liew were jointly indicted for an attempt to rob Edward Dougherty of articles of personal property it is alleged he had on his person. On the trial, Devlin was found guilty in manner and form as charged, and his punishment fixed at five years' imprisonment in the penitentiary. Van Liew, who was tried at the same term, and by the same jury, was found not guilty. The motion made by Devlin for a new trial was overruled, and the court pronounced judgment on the verdict.

The court was asked to give the following instructions, among others, for defendant:

"10th. The jury are instructed by the court, that the policy of the law is, that it were better that ninety and nine, or any indefinite number, of guilty persons should escape, than that one innocent man should be convicted, and that mere probabilities are not sufficient to warrant a conviction; nor is it sufficient to authorize a conviction that a greater weight or preponderance of evidence supports the allegations of the indictment; nor that, upon the doctrine of chances, it is more probable that the defendants are guilty than that they are innocent. Unless the jury are able to say, from all the evidence, that every material allegation of the indictment

is proven beyond a reasonable doubt, they must find the defendants not guilty.

"11th.   The court further instructs the jury, that to justify a conviction of the defendants their identity must be proved beyond all reasonable doubt, and the jury are not bound to believe that any witness or witnesses were able to identify the defendants with certainty, because they may have sworn positively to their identity; and the jury should not so believe if they themselves are satisfied, from the circumstances proved, that there is a reasonable doubt as to whether any witness or witnesses were able to and did identify the defendants as the guilty persons.   And if the jury have such reasonable doubt, then the jury should give the defendants the benefit of such doubt, and find the defendants not guilty.   The jury have no right or discretion to do otherwise."

The refusal of the court to give these instructions, among other causes is assigned for error.   The case comes to this court on a writ of error sued out by Devlin.

Messrs. O'BRIEN & SHISSLER, for the plaintiff in error.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. GEO. C. INGHAM, Assistant State's Attorney, for the People.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The errors most confidently relied upon for the reversal of the judgment against Devlin are, first, the verdict is contrary to the law and the evidence; and second, the court erred in refusing to give instructions asked by defendant.   Neither position taken can be maintained.   The evidence contained in the record has been examined and considered with care, and without entering upon any analysis of the same, it is sufficient to say it warrants the finding of the jury.   What weight or credit should be given to the testimony of the several witnesses, was, of course, for the jury to determine, and

no reason is perceived for any dissatisfaction with the conclusion reached. The question of most difficulty in the case was one of the identification of the accused, and that was peculiarly within the province of the jury. An appellate court will not disturb the verdict of a jury on questions of that character, except for the most satisfactory reasons, and it may be said confidently, no such reasons appear in the case being considered.

Excluding the tenth and eleventh instructions of the series asked, it will be seen, on a close examination, that all that is contained in the other refused instructions proper to be given to the jury, was contained in other instructions given, and the court was under no duty to give the same thing a second time. With respect to the tenth instruction, it will be noticed it contains, at most, mere abstract principles of law, more or less accurately stated, and, as this court has often held, it was not error to refuse such an instruction. If given, the tendency in this case would have been to confuse and perplex the minds of the jury, rather than illustrate any question submitted for their determination. An instruction exactly like this one seems to have been given in *Lyons* v. *The People*, 68 Ill. 271, but it will be noted it was not decided it was proper, or that it would have been error in the court to refuse it. All that was decided is, that a modification of the instruction, as originally asked, was properly made by the court. The propriety of giving such an instruction was not discussed in that case—there was no necessity for any such discussion, for neither the People nor defendants could claim it was error to give the instruction. It is not to be understood that a case might not arise where it would be proper to give an instruction containing some of the same principles contained in this one. All that is now decided is, it was not prejudicial error to refuse the instruction in this case. Had the latter clause of this instruction been disconnected from that which precedes it, it might, with

great propriety, have been given in this case, but as framed, the court could properly refuse it, as calculated to mislead, rather than enlighten the jury.

It will be readily seen, on examination, the eleventh instruction asked by defendant, and refused by the court, is faulty for several reasons. It calls the attention of the jury to, and lays particular stress on, the testimony of certain witnesses, concerning facts about which the evidence is contradictory. This is not allowable. But a more fatal objection is, it does not state a correct principle of law, when it is said the jury should not believe any witness or witnesses were able to identify the accused, if "they themselves are satisfied, from the circumstances proved, that there is a reasonable doubt as to whether *any* witness or witnesses were able to and did identify the defendants as the guilty persons." It is possible the jury might believe one witness of the number examined was not able to identify the accused, but that others could and did identify them, and yet the instruction states, if they believe "*any witness*" was not able to identify the accused, they were "not bound to believe any witness or *witnesses* were able to identify defendants with certainty." In this case more than one witness was examined, and testified concerning the identity of the accused, and the instruction does not state the law accurately, as applicable to the facts of the case. The vice of the instruction in this regard is alone sufficient to justify the refusal of the court to give it.

No error affecting prejudicially the merits of the defence sought to be made by the accused appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice Dickey: The instructions refused were, in my judgment, an announcement of correct principles of law, which were applicable to the evidence before the jury. They contain some important thoughts not distinctly expressed in

other instructions.    The language of the instructions, if not sufficiently perspicuous, might, with propriety, have been modified.    On the evidence the identity of the accused was a very close question, and the finding of the jury ought not to be sustained unless they were properly instructed.