MORRIS KANE

v.

MARY E. TORBIT.

23  311
100  ³ 85

*Negotiable Instruments—Evidence—Admissions and Declarations of Holder—Instructions.*

1. When the holder of a promissory note already matured, makes admissions and declarations against his interest in respect thereto while such holder, such admissions and declarations are competent as original evidence against a subsequent assignee.

2. Where there is any evidence, however slight, to sustain a legal claim or defense, the party introducing it is entitled to have it submitted to the jury by appropriate instructions.

3. The court is not bound to instruct the jury on mere abstract propositions of law.

[Opinion filed June 20, 1887.]

APPEAL from the County Court of Iroquois County; the Hon. S. G. BOVIE, Judge, presiding.

Messrs. DOYLE, MORRIS & PIERSON, for appellant.

Messrs. KAY & EUANS, for appellee.

*Per Curiam.* This was a suit brought before a Justice of the Peace by W. B. Simonds for the use of Mary E. Torbit, against the appellant, and appealed to the County Court, where an order was made that the name of W. B. Simonds for use, be stricken out, and that the suit be prosecuted in the name of Mary E. Torbit.

Trial, verdict and judgment for the appellee for the sum of $61.27 and costs, from which judgment this appeal is taken. Various errors are assigned. We shall consider the errors assigned in the order made.

*First.* The refusal of proper evidence offered on the part of appellant. This suit was brought upon a note executed by

E. O. Mounts as principal, and the appellant as surety, on July 25, 1877, payable to W. B. Simonds, administrator of the estate of Samuel Kelly, deceased, payable one year after date, for the sum of $60 with interest, at the rate of ten per cent. per annum, if not paid at maturity. On February 12, 1879, a credit of $35 was indorsed on said note. There was also the indorsement, " pay to the order of Mary E. Torbit. W. B. Simonds, administrator of the estate of Samuel Kelly, deceased."

The appellant, Morris Kane, was asked this question:

" Now you may state whether that note has been paid, if you know from anything that was told you by the holder, Mr. Simonds."

Objected to; objection sustained; defendant excepts.

By counsel for defendant: " I propose to show your honor by this witness that this note, while in the hands of W. R. Simonds, the payee, and after it became due, that he (Simonds) told Mr. Kane, the security on the note, that it was paid in full."

Plaintiff objects; court sustains objection, remarking: That it was merely hearsay testimony of a person who was not a party to the record.

To which ruling of the court the defendant then and there excepted.

This was error, as held in the case of Sandifer v. Hoard, 59 Ill. 247: " When the holder of a chose in action, already matured, makes admissions and declarations against his interest in respect thereto, while such holder, such admissions and declarations are competent as original evidence against an assignee after maturity. * * * The evidence is admissible on the broad ground that the declaration was against the interest of the party making it, in the nature of a confession, and on that account so probably true as to justify it." Williams v. Judy, 3 Gilm. 282; 1 Greenleaf, Ev., Sec. 153.

It is insisted by counsel for appellee that appellant did not seek to show by that question that Simonds was the legal owner and holder when he made the statement.

We do not concur in this view. The possession of the note by the payee, after it was due, was offered to be proven, and

his admission that it was paid in full. This, we hold, was competent evidence and should have been admitted. Any admission made by Simonds whilst he was the holder of the note after its maturity, was competent to be shown by the appellant.

It is claimed the court erred in refusing the following instructions: First. "The jury are instructed that a note once paid by the principal can not again be put in circulation so as to bind a surety or joint maker not consenting thereto."

Second. "For the defendant you are instructed if you find from the evidence that the note in question was paid to Simonds by Mounts and the note given to him, that afterward Mounts received some of the money back and again delivered the note to Simonds, then that, as to defendant Kane, would amount to a payment of the note, and the note would, as to him, be extinguished, unless you find from the evidence that he consented to a re-issue of said note."

The first announces a correct abstract proposition of law. Error could not be assigned on the refusal of the court to give it. Atkinson v. Lester, 1 Scam. 407; Corbin v. Shearer, 3 Gilm. 482; Hessing v. McCloskey, 37 Ill. 341.

The second, in view of the evidence of Mrs. Solkeld, "That plaintiff told her she knew Mounts had paid the note off in full, but that after it had been paid off part of the money had been given back to the wife of Mounts, and note was taken back and held," announces the law correctly and should have been given, as held in Riedle v. Mulhausen, 20 Ill. App. 68.

Where there is any evidence, however slight, to sustain a legal claim or legal defense, the party introducing such evidence has a right to have it submitted to the jury by appropriate instructions. Where an instruction is submitted, based upon evidence in the case and stating correctly a principle of law applicable to such evidence and not covered by any instructions given, it is error to refuse the instruction, however meager the evidence to sustain the hypothesis contained in it.

For the errors herein indicated the judgment is reversed and cause remanded.

*Judgment reversed.*