JENNIE C. VALLETTE

*v.*

CHARLES A. BILINSKI.

*Filed at Ottawa June 8, 1897—Rehearing denied October 12, 1897.*

1. TRIAL—*when instruction to find for plaintiff may be refused.* The court may refuse to direct a verdict for the plaintiff, where the plaintiff, instead of asking that the consideration of the facts be taken from the jury, has submitted the case for decision by the jury upon the facts under other instructions asked along with the peremptory one.

2. INSTRUCTIONS—*one cannot complain of refusal of instruction stating abstract rule of law.* One cannot complain of the refusal of an instruction stating an abstract rule of law, where such instruction makes no application of the rule to the evidence.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Lake county; the Hon. CLARK W. UPTON, Judge, presiding.

COOKE & UPTON, and H. S. MECARTNEY, for plaintiff in error.

WHITNEY & UPTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error brought her suit in forcible detainer before a justice of the peace of Lake county, against defendant in error, to recover possession of a tract of land used as a pleasure resort, adjoining Diamond Lake, in said county. She obtained a judgment, but on appeal to the circuit court there was a verdict finding defendant in error not guilty, and upon this verdict judgment was entered. The Appellate Court for the Second District reviewed the record on a writ of error from that court and affirmed the judgment.

Defendant occupied the premises as tenant of the plaintiff under a lease from her, and an accompanying agreement that she was to convey a tract of land to him by a quit-claim deed; that he might remain upon the leased premises as a tenant at will until the same should be sold, and that upon said sale and transfer she should pay him $500, and he would immediately deliver up possession.

All the facts have been finally settled by the judgment of the Appellate Court, and there is no complaint of any improper ruling of the trial court in the admission or exclusion of evidence. The only errors alleged are in refusing to give a peremptory instruction to find for the plaintiff and an instruction on the right of a tenant to set up an adverse claim of title against his landlord.

Plaintiff did not ask to have the consideration of the facts taken from the jury and the peremptory instruction given, but submitted the case for decision by the jury upon the facts. The case being so submitted, an instruction to find defendant guilty was requested along with other instructions asked to be given, and which were given, for the guidance of the jury in applying rules of law to the decision of the questions of fact. Plaintiff thereby waived her right to ask such an instruction, and there was no error in the refusal to give it. *Peirce* v. *Walters*, 164 Ill. 560.

Defendant offered in evidence a tax deed for the leased premises to A. V. Smith and a quit-claim from Smith and wife to himself. The plaintiff objected to these deeds and the objection was sustained, but it is claimed that the offer was an assertion of an adverse title against the plaintiff by her tenant, and that obtaining such a deed was asserting such title. The other instruction had reference to those deeds, and was as follows:

"The jury are instructed that if B occupy lands under a lease from A, and during such occupancy B denies the title of A by purchasing a claim of title thereof from a third party, C, and asserting the same against A, such claim of title to said land being adverse to A, A can maintain forcible detainer for such land against B, if, after the said denial and purchase from C, B refuses to deliver up possession of said land to A upon demand."

The third instruction given at the request of plaintiff was of the same kind as this, and asserted the same rule, so that no harm was done by the refusal to give a substantial duplicate. But it is not error to refuse an instruction like this one. The object in giving instructions is to aid the jury in deciding the case on trial, and not to instruct on principles of law applicable to supposititious cases, and the rules of law given should be applied to the case and to the evidence. A party cannot complain that an instruction is refused if he fails to make an ap-

plication of the rule of law to the evidence. *Devlin* v. *People*, 104 Ill. 504; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Feehan*, 149 id. 202; *Illinois Central Railroad Co.* v. *Larson*, 152 id. 326; *Healy* v. *People*, 163 id. 372.

There is no error of law in the record, and as the facts of the case which are argued by the parties cannot be considered in this court the judgment will be affirmed.

*Judgment affirmed.*