## The Chicago and Alton Railroad Company

*v.*

## The American Strawboard Company.

*Opinion filed April 18, 1901—Rehearing denied June 6, 1901.*

1. EVIDENCE—*fires by locomotives—admissibility of "stack sheets" as original documents.* In an action against a railroad company for the burning of straw, "stack sheets," showing the quantity of straw in each stack, are admissible as original documents though prepared from scale tickets on which the weight of each load of straw was entered when it was received, where it appears the scale tickets were not preserved, and the persons who weighed the straw and made the scale tickets and stack sheets testify that the weights were correctly taken, correctly set down on the scale tickets and correctly transcribed to the stack sheets in each instance.

2. APPEALS AND ERRORS—*when ruling on peremptory instruction is not preserved for review.* The denial of a peremptory instruction to find for the defendant is not preserved for review as a question of law in the Supreme Court, where the motion is made at the close of the plaintiff's evidence in chief and not renewed at the close of all the evidence, although after its denial the defendant introduced evidence in contradiction of that introduced by the plaintiff.

3. SAME—*mere general assertion that ruling on instruction is wrong is not sufficient.* The presumption obtains that the trial court ruled correctly on instructions, and in order to overcome such presumption an appellant or plaintiff in error must affirmatively disclose that error intervened.

4. SAME—*errors not presented to notice of Appellate Court are waived.* Only the judgment of the Appellate Court is presented to the Supreme Court for review on appeal, and hence it cannot be held that the Appellate Court erred upon a point not raised for decision.

*C. & A. R. R. Co.* v. *Am. Strawboard Co.* 91 Ill. App. 634, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. ROBERT W. HILSCHER, Judge, presiding.

CHARLES J. SCOFIELD, and SCOFIELD & BROWN, for appellant.

HILL, HAVEN & HILL, and JONES & LUSK, for appellee.

Per Curiam: This case was here at a former term. (*American Strawboard Co.* v. *Chicago and Alton Railroad Co.* 177 Ill. 513.) The facts are sufficiently recited in the opinion then rendered. In pursuance of the remanding order then made by this court the cause was re-docketed in the trial court and a hearing had before the court and a jury. The result was a verdict and judgment in favor of the appellee in the sum of $15,140.60. On appeal the judgment was affirmed by the Appellate Court for the Second District. This is an appeal from said judgment of affirmance.

For the purpose of establishing the quantity of straw destroyed by the fire, appellee, in addition to much oral evidence, was permitted, against the objection of appellant, to introduce eighteen instruments of writing, called "stack sheets." It is urged these instruments were not competent to be received in evidence.

It appeared from the testimony the appellee company, in the regular course of transacting the business in which it was engaged, placed the straw which it owned in large stacks; that each stack was given a number, and that a sheet, called a "stack sheet," was kept for each stack as the mode adopted, in the regular course of its business by the appellee company, of keeping an inventory of the amount of straw on hand. The purpose they were intended to serve was to correctly advise the appellee company of the amount of stock or straw which it had on hand. The information contained in the stack sheets was to aid the appellee company in the proper transaction of its own business, and were intended to be accurate, for the company could have no purpose or intent to deceive itself. On the contrary, the controlling motive in the preparation of the stack sheets was to accurately and truthfully set down the facts as they existed. Such stack sheets were made up from scale tickets and memoranda kept by the person who did the weighing at the scales where the straw was weighed and received into

the company's possession, and the parties who transcribed the weights from such scale tickets and memoranda were produced in court as witnesses, and each testified, for himself, that the transcription by him made was correctly made in each instance. The parties who transcribed the weights from the scale tickets to the stack sheets were the persons who weighed the straw as received and made the scale tickets, and each testified, for himself, that the weights were correctly taken and correctly set down on the scale tickets. It appeared that the scale tickets showing the weight of the straw as received in car-load lots, or in wagon loads, as the case might be, had been lost or destroyed; that it was not the custom of the appellee company to preserve them after they had been transcribed onto the stack sheets. The contention of counsel for the appellant company is, that these scale tickets constituted the original entries as to the transactions, and that the copies therefrom, as shown on the stack sheets, were not admissible in evidence.

Without deciding whether, in the adjustment of the accounts between the appellee company and those from whom the straw was purchased, these scale tickets should be regarded as the original entries, it is quite clear that so far as they were connected with the preparation of the stack sheets as a means of keeping an account or inventory of stock on hand, they were but memoranda, and the stack sheets here shown to have been prepared from them were admissible as original documents, as tending to show the number of tons of straw in each stack. Upon this point the following remarks in the opinion of the Appellate Court are adopted as expressing the views of this court: "These stack sheets were, in effect, inventories of the quantities of straw in the several stacks destroyed, and the testimony of Yost, Van-Horn and Sager, when all considered, shows they were correct inventories and correctly made up from the original notations, and that the latter had been lost or de-

stroyed.   It is only by such testimony the quantities
of goods destroyed by fire can usually be proved, for no
witness can carry such numerous details in his memory.
When the persons who made such statements testify they
made them correctly, the papers so made are admissible
in evidence.   In *Insurance Co.* v. *Weides,* 14 Wall. 375, the
owners of a stock of goods destroyed by fire proved they
took a correct inventory at a certain date; that the in-
ventory was reduced to writing in an inventory book;
that the prices or values were correctly footed therein;
that the footings were correctly copied upon the fly-leaf
of an exhausted ledger and afterwards transferred to the
fly-leaf of a new ledger; that the inventory and exhausted
ledger had been destroyed and that none of the witnesses
could remember the amount of the inventory or footings.
It was held the entry of the footings on the fly-leaf of the
new ledger was competent evidence in connection with
the oral testimony.   It was there said that it had been
many times decided that such papers, accompanied by
such proof, are receivable in evidence."

The motion entered by counsel for the appellant com-
pany at the close of the evidence in chief on behalf of
the appellee company, to exclude the evidence and di-
rect a verdict in favor of the appellant company, which
was by the court denied, was waived by the introduction
by the appellant company of evidence in contradiction
of that produced by the appellee company, and the mo-
tion to exclude the evidence and to direct a verdict was
not renewed at the close of all the evidence.   In this
state of the record the question whether, as matter of
law, the evidence sufficiently tended to show a cause of
action does not arise for decision in this court.   *Joliet,
Aurora and Northern Railroad Co.* v. *Velie,* 140 Ill. 59; *Dunham
Towing and Wrecking Co.* v. *Dandelin,* 143 id. 409; *Chicago
City Railway Co.* v. *Van Vleck,* 143 id. 480.

Counsel for the appellant company urge the judgment
of the Appellate Court should be reversed for the reason

it was error to grant instructions Nos. 3, 8, 10, 12, 15 and 16 given in behalf of the appellee company, and for the reason it was also error to refuse to grant instructions Nos. 7 and 19 to 81, inclusive, asked on behalf of the appellant company but refused by the trial court.

Counsel for the appellee company insisted the appellant company did not present objections to these instructions in the Appellate Court, and in this court asked for and were granted leave to file in this court a certified copy of the brief and argument filed in behalf of the appellant company in the Appellate Court. That brief is before us. It contains one hundred pages, of which ninety-nine are devoted to the treatment of the case on the facts and to the objection that it was error to admit the stack sheets in evidence. The only reference in this brief to alleged errors in passing on instructions is to be found on the last page of the Appellate Court brief, (p. 100,) and is as follows:

"If we are right in the position taken, it results that this cause was tried upon a false theory, not only as to the facts, but as to the law. Appellee was treated and regarded as if it was the owner or the lawful and rightful occupant of the land on which its stacks were located. Appellee is given the full benefit of the act of 1869, without regard to the fact that in the locating of these stacks as they were located it was a mere trespasser and a wrongdoer. Instructions Nos. 9, 11 and 15, given at the instance of the appellee, should have been refused, and instructions Nos. 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 should not have been refused, but should have been by the court read to the jury. ·

"It will be urged that as to this matter we are concluded by the decisions of the Supreme Court on the former trial of this case. We do not so understand or read the opinion. The opinion proceeds on the theory and fact that many years before these tracks were laid appellee had occupied Daviess street with its stacks in

the same manner as on the day of the fire, which is not the fact. The tracks were laid about the time the mill was built, but remodeled only in 1891. Again, the opinion proceeds on the theory and fact that appellee, in locating its straw stacks on Daviess street, as to so much of the street as was occupied by such stacks appellee was an owner or an occupant, within the act of 1869.

"Appellant presented and requested the court to read to the jury instructions Nos. 7, 8, 9 and 11, set out at abstract page No. 120, and this the court declined.to do. We are entirely unable to discover why these instructions, under the facts, were and are not entirely proper."

But a single complaint is there set forth, namely, that the instructions erroneously proceed upon the theory the appellee company was to be regarded as the occupant of the ground upon which the stacks were located, within the meaning of section 1 of the act of March 29, 1869, (3 Starr & Cur. Stat. 1896, p. 3294,) though the ground on which the stacks were placed was a part of the public street,—Daviess street,—in the village of Lockport. The view on which the complaint rested was, that the appellee company could not be regarded as the "occupant" of a portion of a public street, within the meaning of that section, therefore not entitled to the benefits of.the declaration of that section that "it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner, or permitted the same to .be used or remain in the condition it would have been used or remained had no railroad passed through or near the property so injured, except in cases of injury to personal property which shall be at the time upon the property occupied by such railroad," but that the doctrine of contributory negligence was available in defense of the action and that the instructions ignored that defense and in effect denied it. When the cause was before us on the former occasion we considered this contention, and said: "We are of the

190—18

opinion that it was not important to the issue to determine whether or not appellant was the owner of the land where the stacks were located. It was the owner of the straw, and the occupant, exclusively, of the land, and as the record discloses, it was, and its grantors had been, in possession of the land and stacked straw there for many years previously and before the switch track was laid; that it was stacked there as being the most convenient place for the uses of appellant in connection with the operation of its paper mill." The material facts bearing on this question were in no respect in controversy or in any substantial aspect different from the facts disclosed in the prior record. The instructions but followed the construction of the statute adopted by this court.

Of the six instructions given on behalf of the appellee, to which the briefs in this court are in the main directed, but one (No. 15) is even mentioned in the brief filed in the Appellate Court. The grounds of objection to which so much time and space is given in this court were not mooted in the Appellate Court. The assertions in the brief filed in the Appellate Court that instructions Nos. 9, 11 and 15 given at the request of the appellee company should have been refused, and that instructions Nos. 19 to 31, inclusive, asked by the appellant company and refused, should have been given, and that counsel are "entirely unable to discover why" the refused instructions Nos. 7, 8, 9 and 11 asked by appellant company, "under the facts were and are not entirely proper," raised no question for the Appellate Court to determine, aside from the contention that the general doctrine of contributory negligence has application to the right of the appellee company to recover. Mere general statements that a ruling is wrong, without any attempt to point out wherein the error consists or to advance any reason or argument in support of the simple assertion that error has occurred, discloses nothing to adverse counsel, and does not impose upon a court of review the duty of institut-

ing an investigation of the record in order to ascertain if error of some nature or kind may not be found. The presumption obtains that the trial court ruled correctly in giving instructions, and in order to overturn that presumption an appellant or plaintiff in error must affirmatively disclose that error intervened.

This appeal serves only to bring the judgment of the Appellate Court in review in this court, and we cannot declare the Appellate Court erred upon a point not presented to it for decision. In *Abend* v. *Endowment Fund*, 174 Ill. 96, we said: "Where errors are assigned in the Appellate Court which would cover supposed erroneous rulings of the trial court, and such errors are not argued nor the particular attention of the Appellate Court called to them, they will be held to have been waived and abandoned, and cannot be revived and raised in this court for the first time." In *Strodtmann* v. *County of Menard*, 158 Ill. 155, it was said: "Appellant claims in this court that the trial court erred in that it admitted incompetent testimony in behalf of appellee and excluded competent testimony offered in his behalf, but he does not indicate what these supposed errors are or suggest why or wherein any error was committed. We cannot, therefore, consider this assignment of error." In *Chicago City Railway Co.* v. *Van Vleck, supra*, we held this court was not required to consider alleged erroneous rulings of the trial court where no grounds of objection to the ruling were stated.

It is proper we should remark the brief in the Appellate Court was not prepared by counsel who appear for the appellant company in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*