### Standard Starch Co. v. Harry McMullen.

1.  PRACTICE—*What Papers May be Taken by the Jury.*—Papers read in evidence, other than depositions, may be carried from the bar by the jury when they retire to consider of their verdict.

2.  EVIDENCE—*Books Read in Evidence and Attached to Depositions.* —Books containing memoranda, attached to the deposition of a witness, are competent and independent evidence and may be taken from the bar by the jury, when they are detached from the deposition before being so taken.

3.  INSTRUCTIONS—*When a Party is Estopped to Object.*—A party litigant is not in a position to object to an instruction given on behalf of his adversary when the same instruction is fully covered by other instructions given in the case for him.

4.  SAME—*Not Error to Refuse an Instruction Containing Only an Abstract Proposition of Law.*—It is not error to refuse an instruction containing only an abstract proposition of law.

Assumpsit.—Common counts.    Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding.    Heard in this court at the October term, 1901.    Affirmed.    Opinion filed January, 24, 1902.

H. K. & H. H. WHEELER, attorneys for appellant.

WILLIAM R. HUNTER, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On August 12, 1899, appellant entered into a written agreement with appellee by the terms of which the latter agreed to construct a sewer, some 6,000 feet long, for the use of appellant's starch factory, according to certain specifications and a profile of the work to be done, which was made a part of the contract, for the sum of $2,225.    Appellee

was to furnish no material, and the work was to be carried on under the direction of W. K. Woodruff as engineer, or such other engineer or inspector as appellant might appoint. After the work was commenced it was discovered that there was more rock in the line of the sewer than was shown by the borings on the profile, which had been made at a distance of 500 feet apart, and it was also claimed by appellee that he was being required to put the sewer down deeper than the profile called for. Appellee conferred with Mr. Sleeper, manager for appellant, who told him if there was any extra work outside of the contract, appellant would pay for it what it was worth. Appellee afterward told him the removal of the extra rock would be worth twenty cents a running foot. Mr. Sleeper said that was too much, and the price was left undetermined. After the completion of the work, and when all but $225 of the original contract price had been paid, appellee commenced this suit in assumpsit for the balance due on the contract and for the amount claimed for extra work done. The common counts were filed; together with a bill of particulars, showing the amount claimed to be $1,776.25.

The only controversy between the parties was concerning the price charged for excavating extra rock in the sewer. Some time after the commencement of the suit the bill of particulars was amended, so far as those items were concerned, increasing the rate charged for such work so that the total amount claimed was raised to $3,182.50. Upon the trial there was a verdict and judgment in favor of appellee for $2,000.

Appellant urges as reasons why the judgment should be reversed, that (1) improper evidence was admitted on the part of appellee; (2) certain books, containing memoranda attached to the depositions of one of the witnesses, were improperly permitted to be taken by the jury on retiring to consider their verdict; (3) the amount allowed appellee for excavating the extra rock was excessive, and (4) proper instructions offered by appellant were refused.

Upon the trial the deposition of J. C. Koon, who, during

the prosecution of the work, had charge of the workmen and the measurement of the ditch for appellee, was read. He testified that he took measurements of the depths of the ditch and made memoranda of the same in books which he carried in his pocket at the time he made the measurements. After the books had been admitted in evidence R. D. Gregg, a civil engineer, was called on the part of appellee, who testified that he had compared the measurements made by Koon as they appeared on the books, with the measurements of the quantity of rock shown by the original profile. He was then permitted to testify that the measurements as shown by Koon's books between certain stations, showed a greater depth of rock than was shown by the profile, and stated what he found the average additional depth to be.

Appellant insists that this testimony was improperly admitted, for the reason that the jury had the facts before them, and it was for them to determine from such facts what the additional depth of rock would be. We do not think there was any error in admitting this testimony, for the reason that it was simply a matter of calculation, and even if the estimate could have been made by the jury, it is not claimed that the estimate made by Gregg was wrong, and therefore no injury could have been done by it. Gregg also testified that the only way of ascertaining the depth of the ditch on the profile accurately was by taking a "scale." This he, as an engineer, could do more accurately and conveniently than the jury. The entries were made by Koon at the time he took the measurements.

Section 56 of the Practice Act provides that " papers read in evidence other than depositions may be carried from the bar by the jury." The books were competent as independent evidence, were properly offered and read in evidence, and came directly within the provision of the statute. C. & A. R. R. Co. v. American Strawboard Co., 91 Ill. App. 635 (190 Ill. 268). The fact that they were attached to depositions did not make it improper for the jury to take them, as they were detached before taken by the jury. A

witness, Donald Sinclair, was examined by appellee as an expert upon the value of the work done in removing the rock from the ditch. A hypothetical question asked him contained a reference to appellee's testimony as a basis for his estimate, which was wholly improper, but the question contained the dimensions of the ditch and was followed by other hypothetical questions correctly stating the facts, which were answered by the witness, so that no injury could have resulted to appellant by reason of the question first referred to and the answer thereto.

Upon the question of the value of the work done in excavating the extra rock, there was considerable controversy. There was, however, evidence sufficient to sustain even a greater verdict than that given by the jury, and we therefore find no fault with the verdict on account of the amount of damages given.

Appellant complains of the refusal of two instructions offered by it. One of them was fully covered by other instructions given in the case for the appellant. The other stated an abstract proposition of law, and while it might well have been given, yet it was not error for the court to refuse to give it. Devlin v. The People, 104 Ill. 504; Kane v. Torbit, 23 Ill. App. 311.

We find nothing in the record which calls for a reversal of the judgment in this case and it is therefore affirmed.