## Daniel C. Wright, et al., v. Napoleon Charbonneau.

### Gen. No. 4,526.

1. BOOKS OF ACCOUNT—*when competent as to weights and measurements.* Where one witness testifies that he knew the correctness of the details of weights or measurements or quantities, that he correctly furnished that information to another, and that other testifies that he received such information and correctly placed it upon original books of entry, such books themselves become competent evidence.

2. MOTION TO EXCLUDE—*when preserves nothing for review.* A general motion to exclude portions of the testimony of a witness upon the ground of her incompetency to testify thereto, preserves nothing for review where it does not specify the particular part or parts of the testimony sought to be reached.

Action of assumpsit. Appeal from the Circuit Court of Kankakee County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

E. P. HARNEY and H. K. & H. H. WHEELER, for appellants.

W. R. HUNTER and C. M. CLAY BUNTAIN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Napoleon Charbonneau sued Wright Brothers in the court below, in assumpsit. His declaration consisted of the common counts, and he filed an itemized bill of particulars containing many items. Defendants pleaded *non assumpsit* and gave notice of set-off thereunder which consisted of the common counts. A jury was waived and the evidence was heard by the trial judge, and there was a finding and a judgment for plaintiff in the sum of $466, from which defendants appeal.

Defendants leased a section of land in Kankakee County to plaintiff for the period of three years beginning March 1, 1900, with the privilege in the tenant to hold the premises two years after the expiration of the lease at the same annual rent, with a certain exception. Plaintiff was to use fifty acres as pasture and pay $1.50 per acre per annum therefor, and fifty acres as hay land, for which he was to

give defendants one-half the hay raised thereon, dividing it in the stack. The rest of the land was to be broken and planted to corn, unless otherwise agreed upon, and the tenant was to give defendants two-fifths of the grain raised on said land, delivered at market free of expense to the landlords. There were many other provisions in the lease unnecessary to be stated. Plaintiff occupied the land under this lease four years, and then removed therefrom. He also during part of that time worked and cut hay on other lands of the defendants under a verbal agreement. He also did much work for the defendants that was outside of the requirements of his lease, under various oral contracts therefor. After he left the premises plaintiff brought this suit, claiming that upon an accounting between them defendants were largely indebted to him. Plaintiff was a Frenchman, and could not read or write. His wife transacted much of his business for him and kept all of the books of account he had. While a number of other persons were called and examined briefly as witnesses, the most of the testimony was given by plaintiff and by his wife and by Daniel C. Wright, one of the defendants, each of whom testified at great length upon very many items of the transactions between the parties during the four years. Neither side presented any propositions of law.

· Appellants in their brief say that if the evidence of plaintiff's wife is to stand as competent testimony, they do not expect this court to reverse the case upon the facts. It is the claim of appellants that plaintiff and his sons from time to time gave items to Mrs. Charbonneau, and that she entered these items on the books without any knowledge of their correctness, and that she was permitted at the trial to read from these books, and that this was hearsay evidence and incompetent, and that the books themselves were not introduced in evidence. Plaintiff testified quite frequently that he gave particular items to his wife, the details and amounts of which he could not then remember, and that he gave them to his wife correctly, and his wife in a number of instances testified that her husband told her

to enter certain things and that she entered them correctly. Where one witness testifies that he knew the correctness of the details of weights or measurements or quantities, and that he correctly furnished that information to another, and that other testifies that he received such information and correctly placed it upon original books of account, no doubt such books themselves will become competent evidence under the principles laid down in Stettauer v. White, 98 Ill. 72, House v. Beak, 141 Ill. 290, Chisholm v. Beaman Machine Co., 160 Ill. 101, C. & A. R. R. Co. v. American Strawboard Co., 190 Ill. 268, and Trainor v. German American Building Association, 204 Ill. 616. But we are unable to find that any question as to the use of these books was properly preserved for consideration in this court. Soon after the testimony of Mrs. Charbonneau began, defendants objected to her testifying because she was the wife of plaintiff. The court held there was sufficient evidence to show that she had been acting as her husband's agent, and as such was competent. Defendants then objected to her testifying to anything except where the testimony showed she acted as agent, and that objection was sustained. It is not argued here that there was any error in this ruling. At another stage of her direct examination she was asked to read something from the book, and defendants objected on the ground that the proper foundation had not been laid for the introduction of the book in evidence, and it was not competent for the witness to testify from it as a memorandum. Being asked what had been omitted from the proof necessary to lay the proper foundation, defendants' counsel based the objection solely upon the ground that it had not been shown that it was a book of original entries. The court correctly held that it did already appear that this was a book of original entries, and therefore properly overruled that objection because the basis of the objection was unsound. Our attention is not called to any other objection by defendants to the testimony of Mrs. Charbonneau until after all the evidence on both sides was closed, when defendants' counsel

moved to exclude all the testimony of Mrs. Charbonneau as to all transactions not connected by her with one of the defendants as agent of the plaintiff, and as to all matters testified to by her of transactions between herself and her husband, and as to all matters testified to by her based upon information derived from her husband, and as to all testimony by her of the acts of her husband which were not the subject-matter of any agency or based upon any agency relationship between herself and her husband. This *omnibus* motion was overruled and defendants excepted. They did not point out any testimony by her to any acts of her husband that were outside of the subject-matter of her agency for her husband; nor did they point out any testimony given by her of any transactions between herself and her husband, or any information derived from her husband, except transactions and conversations growing out of her agency for her husband. We are of the opinion that this general motion, without anything to indicate at what portions of her testimony it was aimed, was not sufficient to preserve any question for review. Counsel here do not point out any item which ought to be rejected on account of this motion for the supposed incompetency of the testimony so generally referred to therein.

Looking into the record for ourselves we are unable to determine what the trial judge would have rejected if he had sustained that general motion. Mrs. Charbonneau's testimony as it reads in the record, appears to us to be to a very great extent founded upon her own knowledge of the transactions. For example, she weighed most of the grain, and although she testified her husband told her to set it down, yet, when her evidence on the subject is all read, it appears that he did not give her the weights, but that she did the weighing herself and knew the weights to be correct. She may have had the book or books kept by her open before her while she was testifying, but in the main that fact does not appear from her testimony. On certain particular matters she was asked what the book showed, and no objection being made, stated it; but even in many

of these matters we think it sufficiently apparent that she knew for herself what the facts were. But these books have a further sanction than we have already stated. During this tenancy these books were inspected and checked over by one of the defendants and he made various entries thereon himself, and his counsel offered those entries by him in evidence, and they were received without objection. Moreover, defendant D. C. Wright was permitted to take. his account book and testify from it quite as freely as Mrs. Charbonneau did from the book or books kept by her. We do not think defendants' counsel could proceed throughout this long trial, involving a mass of items, not capable of being carried solely in the memory, and without any objection to the use by either party of these books, except to object that Mrs. Charbonneau was the wife of the plaintiff, and that the book was not a book of original entries (which was manifestly not the fact), and then at the close of all the evidence, after the case had been tried on both sides in that manner, make a general motion of the character here insisted upon, and be permitted to have the benefit of such a motion to the same extent as if interposed while the books were being used. If, when Mrs. Charbonneau began to use the book upon the stand, if she did so use it, objection had been made to her use of the book, no doubt such further questions would have been asked as would have made the book entirely competent; and the failure to make these objections, and the act of defendants in offering in evidence portions of these books, and placing their own books in the hands of their witness, D. C. Wright, we think constituted a waiver of any lack of sufficient foundation in the proof for the course pursued. Our attention is called to the fact that in regard to one or two matters the weighing seems to have been done by one of the plaintiff's sons, and the weights entered on the book by plaintiff's wife, apparently without any knowledge as to their correctness, and that this son was not called to testify to the correctness of the weights as he gave them to his mother. Plaintiff in his brief calls attention to the apparent fact that this testi-

mony relates to an item not included in plaintiff's bill of particulars, and for which no recovery was sought. Defendants have not replied to this position and we assume it is conceded. We are, therefore, of the opinion that the court made no erroneous ruling concerning the admission of the testimony of Mrs. Charbonneau, and as defendants concede that if her testimony is to stand they do not expect the court to reverse the case upon the facts, and as there are no propositions of law presenting any questions of law for our consideration, the judgment is therefore affirmed.

*Affirmed.*