## Amelia Schneider, Administratrix, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 17,978.

1. DEATH—*evidence as to earnings.* Where the books of account of plaintiff's intestate cannot be found, and his widow was associated with him in business and knows the facts as to his earnings of her own knowledge, her testimony as to such earnings is admissible.

2. APPEALS AND ERRORS—*harmless error.* Where a street car conductor is asked by plaintiff's counsel if he said anything about "tracks" at an inquest, and defendant's counsel in cross-examination fails to show that at such inquest he could only answer interrogatories proposed to him, defendant cannot complain.

3. APPEALS AND ERRORS—*when error not preserved for review.* Where no motion is made to strike out an answer made before a ruling sustaining objection, or where no exception is taken to a ruling of the court, error is not preserved for review.

4. INSTRUCTIONS—*abstract rule of law.* An instruction to a jury which presents an abstract proposition of law and makes no application of the rule to the evidence is properly refused.

5. JURY—*affidavits after trial cannot impeach verdict.* Affidavits of jurors made after trial will not be received to impeach their verdict, nor affidavits as to statements made by them.

6. STREET RAILROADS—*verdict.* Verdict against street railroad company for causing death of plaintiff's intestate *held* not manifestly contrary to the weight of evidence nor excessive.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 11, 1913.

WEYMOUTH KIRKLAND, WILLIAM H. SYMMES and FRANK L. KRIETE, for appellant; JOHN R. GUILLIAMS, of counsel.

THURMAN, HUME & KENNEDY, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee, as administratix of the estate of Frederick W. Schneider, deceased, hereinafter called plaintiff, brought an action on the case against appellant, Chicago Railways Company, hereinafter called defendant, for causing wrongfully the death of plaintiff's intestate. The defendant pleaded the general issue to the first count in the declaration, and to the two additional counts it pleaded the general issue and a plea of nonownership. The jury returned a verdict in favor of the plaintiff for $8,000. On remittitur of $2,000, the court overruled a motion for a new trial, and entered judgment for $6,000.

The declaration and additional counts charge in general terms negligence in the management of the car and aver that the accident occurred at or near the intersection of Milwaukee avenue with Gresham avenue in the City of Chicago. Milwaukee avenue runs northwest and southeast, and the defendant was operating an electric car line in Milwaukee avenue. The accident occurred on July 2, 1909, about eleven o'clock at night, while plaintiff's intestate was driving a single wagon, the sides and rear of which were covered with heavy canvas, the front end being open. The car of the defendant was going northwest on the northerly track and struck and overturned the wagon of the deceased, throwing him out and causing injuries from which he died later.

It is contended by the defendant that the verdict of the jury was not supported by the weight of the evidence. The contention of the defendant is that the

wagon which decedent was driving was north-west bound in the south-east bound track, having just turned out of the north-west bound track to permit the passage of a car ahead of the one which collided with the wagon, and when the car was within 75 feet of the wagon, the motorman saw it and rang his bell; but after he had run about 25 feet, the horse suddenly turned into the north-west bound track, and that the car was then such a short distance away from the horse that the motorman was unable to avoid the collision; and, further, that the wagon carried no light. The evidence of the defendant tends to support this theory.

The contention of the plaintiff, on the other hand, is that the wagon had been in the north-west bound track some time previous to the collision, and was turning into the south-east bound track at the time it was struck. The evidence bearing upon the question as to whether decedent was guilty of contributory negligence, and whether the defendant was guilty of negligence is conflicting. It was a question for the jury, and upon an examination of the evidence, we are of the opinion that the verdict is not against the weight of the evidence so manifestly that it should be set aside. We cannot say that the verdict of the jury is contrary to the weight of the evidence.

It is urged that the court erred in permitting the testimony of Mrs. Schneider, the wife of decedent, as to the amount of her husband's earnings without the production of his books of account, which Mrs. Schneider testified she kept in the course of his business, but she was unable to produce the books not knowing where they were at the time of the trial. Mrs. Schneider testified that she was associated with her husband in business and knew the facts as to his earnings of her own knowledge. In our opinion the court did not err in admitting her testimony.

Mrs. Schneider was asked if the decedent's home

had been fully paid for. The question was objected to, but the witness answered before the ruling of the court. The court sustained the objection. No motion was made to strike out the answer. We do not think that the ruling was erroneous, or that the defendant was injured because the witness answered before the ruling of the court.

Mrs. Schneider was also asked how long her husband was in the hospital, and before the ruling on the objection to this question she answered, ''Twenty-four days.'' The court sustained the objection and struck out the answer. The rulings were correct, and we think no harm resulted to defendant.

The witness Christine Schroeder was asked:

''Did you notice his (decedent's) condition when he was taken out?''

It had appeared from the evidence that he was under the overturned wagon, and defendant's car had to be run back in order to take the decedent from under the wreck of the wagon. Objection to the question was sustained, and no answer was given. We do not think the ruling of the court was improper, or that defendant was injured by the question.

Defendant's counsel asked the following question of the witness Tamillo:

''Your wife is a relative of Miss Christine Schroeder, isn't she?''

The court sustained an objection to the question. Complaint is made that the objection was sustained. The defendant, however, took no exception to the ruling, and the ruling is, therefore, not preserved for review.

Defendant urges that it was error for the plaintiff to ask the car conductor Kortaz if at the inquest on decedent's death he had said anything about tracks, and the reason urged is that the witness would respond only to interrogatories propounded to him, and without evidence that he was asked and had an opportu-

nity to answer in regard to that subject, it was improper to ask him if he had said anything about the tracks. We think there is no basis to this claim. It may be true that the witness responded only to interrogatories at the inquest, but if the answer of the witness to the question was unsatisfactory to the defendant, he had an opportunity by cross-examination to inquire of the witness whether or not at the inquest he had been asked anything about the tracks. He did not so do.

Mr. Kennedy, one of the original attorneys in the case, was asked on cross-examination the question:

"You've got this case on a contingent basis, haven't you?"

An objection to the question was sustained by the court. The defendant, however, preserved no exception to the ruling of the court, and it is not before us for review.

It is further urged that the damages awarded in the judgment are excessive, and reference is made to the examination of the juror Krempel on his *voir dire* in another case subsequent to the trial of the case before us to the effect that his sympathy "had got the better" of him. This was attempted to be shown on the motion for a new trial by affidavit of the juror Krempel. It is sufficient to say that the affidavits of jurors made after trial will not be received to impeach their verdict, nor will affidavits as to statements made by jurymen be received to impeach their verdict. Upon a review of the evidence we do not think that the judgment is excessive.

It is urged that error was committed by the court in refusing proper instructions asked on behalf of defendant. The court gave on behalf of defendant twenty-six instructions.

The defendant urges that the court wrongly refused instructions 30, 31, 32 and 33. Instruction 30 was properly refused. It did not state the law. Instructions 31 and 32 were covered by given instructions.

Refused instruction 33 is simply an abstract proposition of law and makes no application of the rule to the evidence. It was not error to refuse it. Vallette v. Bilinski, 167 Ill. 564.

The remarks of counsel for the plaintiff in his closing argument to the jury are not to be approved. We do not think, however, they should cause a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*