**Louis Reval, Appellee, v. Robert Miller, Appellant.**

**Gen. No. 17,012.**

1. SALES—*"caveat emptor"*. The rule of *caveat emptor* does not apply where there is a warranty or fraud.

2. EVIDENCE—*invoices*. Plaintiff bought of defendant a large number of small items of merchandise, packed in cases, and defendant delivered to plaintiff an invoice list and guarantied that the cases contained all items invoiced. Plaintiff's bookkeeper copied the items from the invoice and another employee checked off on such copy a large number of missing articles, and the bookkeeper thereupon made another list of the missing items and destroyed the original list. *Held*, that where apparently the items were correctly copied from such copy and the list was the only means of proving such missing articles, its admission was not reversible error.

Appeal from the County Court of Cook county; the Hon. LOUIS M. RECKHOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 13, 1913.

RUDOLPH FRANKENSTEIN, for appellant.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

In this case Louis Reval recovered a judgment against Robert Miller, appellant, in an action alleging fraud and deceit. It is urged that the judgment should be reversed.

The evidence before the jury tended to show that Miller offered to sell to Reval a miscellaneous lot of goods comprising a large number of small items like handkerchiefs, buttons, jewelry, pieces of ribbon, silk, etc., most of which was packed in cases; that Miller gave Reval a book containing an invoice list of the goods, saying in substance that he would guarantee that the cases contained every item in the invoice, with a few exceptions which are not material. The sale was made and the money paid. Subsequently on examination it appeared that the cases did not contain all the goods listed in the invoice, the shortage being a considerable amount, whereupon Reval brought suit.

Appellant claims that the rule of *caveat emptor* applies. We do not think so. It has been held that the rule of *caveat emptor* does not apply where there is a fraud or warranty. See vol. 6 L. R. A. (old series) 73, and cases there cited.

When Reval started to check up the goods he delivered the invoice book receipt from Miller to his bookkeeper, who copied the items therefrom and handed the copy to another employe, who followed it in checking off the merchandise and noted thereon the missing articles. He returned the list to the bookkeeper, who from it made another list of the missing items and destroyed the original list. It is argued that it was error to admit this list as being a copy from a copy. Apparently the items were correctly copied, and the admission of the list in evidence was not reversible error. Chicago & A. R. Co. v. American Strawboard Co., 190 Ill. 268; Wright v. Charbonneau, 122 Ill. App. 52. See also Wigmore on Evidence, vol. 2, sec. 1530.

We might add that the only way possible to have introduced evidence as to the articles missing was by introducing a list made by some one, as it would be a physical impossiblity for anyone to testify from memory concerning the large number of small articles.

The judgment is affirmed.

*Affirmed.*