# Chicago and Grand Trunk Ry. Co. v. Frank T. Kinnare, Adm'r.

1. WAIVER—*Of the Right to Have a Case Taken from the Jury.*—By failing to ask a written instruction directing the jury to find for the defendant, at the close of the evidence, before the argument and submission of the case to the jury upon its merits, and by arguing the case and asking other instructions upon the questions of fact to be submitted, a party waives his right to have the case taken from the jury.

2. ORDINARY CARE—*Persons in Imminent Peril.*—When the position of a person at the time of an injury is such that it appeared to him that he was in imminent peril, and that he must act without time for reason and reflection, the question as to whether he acted as a reasonably prudent and cautious person would have done, under the circumstances, is one for the consideration of the jury.

3. EVIDENCE—*Condition of the Railroad Track at the Place of an Accident.*—In actions for personal injuries where the condition of the rails at the place of the accident is in question, it is not necessary to confine the evidence to the condition of the rails at the exact place where the injury was received.

4. SAME—*Warning of the Approach of Trains—Res Gestœ.*—In actions for personal injuries, resulting from accidents on railroads, evidence of the speed of the train and as to whether a bell was rung and whistle blown, or any warning of the approach of the train given, is admissible as a part of the *res gestœ.*

5. CONTRIBUTORY NEGLIGENCE—*Persons in Peril.*—Whether a person injured in a railroad accident was or was not, as a matter of fact, in a place of peril, if, under the circumstances which suddenly confronted him, it seemed to him that he was in imminent peril, he can not be considered as necessarily guilty of contributory negligence.

6. APPELLATE COURT PRACTICE—*What Can Not Be Assigned as Error —Waiver.*—Where the written motion for a new trial does not assign as a reason that the damages are excessive, it is too late to assign the same for error in the Appellate Court. Not having presented the point to the trial court, it is waived.

Trespass on the Case.—Death from negligent act, etc. Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Verdict and judgment for plaintiff, $4,600. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898. Rehearing denied June 2, 1898.

S. A. LYNDE, attorney for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

George M. Kenney, a switchman employed by appellant, aged not quite nineteen years, and after he had been working only four days, was so injured November 7, 1892, by being run over by appellant's engine drawing a train of passenger cars in its switching yards in Chicago, that he died the following day. His administrator, the appellee, brought suit against appellant, and recovered a verdict and judgment for $4,600 in the Circuit Court of Cook County, from which an appeal has been taken.

Appellant contends, first, that a verdict should have been directed for it by the trial court; second, that deceased was guilty of contributory negligence, and that the verdict was contrary to the evidence; third, that the court erred in its ruling on the admission of evidence offered by appellee and on motion to strike out certain evidence; fourth, that the court improperly refused appellant's 11th instruction and modified appellant's instructions numbered 9 and 12½; and, fifth, that the verdict was excessive.

1st. At the close of appellee's evidence appellant moved the court to exclude the evidence and direct a verdict for defendant, which the court overruled. The same motion was renewed at the close of all the evidence, and overruled. No written instruction appears in the abstract as having been requested of the court when either of said motions was made, and after the latter motion was overruled. Defendant, as shown by the record, after the arguments to the jury had been completed, moved the court to give, with other instructions on the questions submitted to the jury, an instruction directing the jury to find a verdict for the defendant, which instruction the court refused to give. Under similar circumstances, in the case of Railway Company v. Fishman, 169 Ill. 197, the Supreme Court said: "The court properly refused it, for the reason it called upon the court to decide, as matter of law, the evidence did not warrant the submission of the case to the jury. The appellant had

already submitted the case, and thereby conceded the character of the evidence warranted that course, and having done so, could not be allowed to retract its steps and demand the court should exclude the evidence and peremptorily direct a finding in its favor."

By failing to present and asking the court to give a written instruction directing the jury to find a verdict for defendant, at the close of all the evidence, before the argument and submission of the case to the jury upon the merits, and by arguing the case to the jury and asking other instructions upon the questions of fact submitted to the jury, along with the peremptory instruction, appellant waived its right to have the case taken from the jury, and there was no error in its refusal. City of Chicago v. Fitzgerald, 75 Ill. App. 174, and cases cited; Vallette v. Bilinski, 167 Ill. 564; Wright v. Avery, 172 Ill. 313.

We have, however, given careful consideration to the evidence in the light of the able and exhaustive arguments of counsel, as to its sufficiency to warrant a verdict for appellee because of the claim that appellee's intestate knowingly assumed the hazard to which he was exposed and which caused his death, and the further claim that the condition of appellant's track and the fact that the trucks of the car left the rail, was not the proximate cause of the accident, and have reached the conclusion that the evidence on these points presents questions peculiarly for the consideration of a jury, and we can not say that it fails to justify the verdict. Whitney & Starrette Co. v. O'Rourke, 172 Ill. 177, 185.

2d. The evidence bearing on the question as to whether deceased was guilty of contributory negligence, was of such a nature, impartial and fair-minded men might, in considering it, have arrived at different conclusions. It tended to show that deceased was suddenly and without any previous warning placed in a position of extreme peril to life and limb, by the switch engine, on the foot-board of which he was standing at the time in the performance of his duty as a switchman, running off the track. At least his position at

that time, as the evidence tends to show, was such that it may have appeared to him that he was in imminent peril, and that he must act without time for reasoning and reflection.

And while it may now, in the light of occurrences as they later transpired, well be claimed that had he remained on the foot-board of the engine, instead of jumping off and in front of the passenger engine going in an opposite direction, as it appears from the evidence he did, no harm would have befallen him, still, what a reasonably prudent and cautious person would have done under the circumstances of sudden or supposed sudden peril in which deceased was placed, was a question for the consideration of the jury, and we can not, after the most careful consideration of the evidence and the argument of appellant's counsel, reach the conclusion that the jury's finding in this regard is clearly against the weight of the evidence, or against the instructions of the court.

3d.   The court, over the objection of appellant, allowed certain evidence to go to the jury with reference to changing rails in appellant's switch tracks at a point a little distant from the place of the accident, and also as to the condition of a stub switch and the rails at the stub switch located at a little distance—two or three car lengths—from where the accident occurred.

The declaration charged that appellant was negligent in that it required deceased to switch cars in its yard on tracks which were not in a reasonably safe, sound or suitable condition to be switched upon; that some of the rails constituting said track on which the injury occurred, were so old, defective and badly worn, and so improperly and insecurely placed, that cars being switched thereon were likely to jump and leave the same, etc.

We think, under these allegations, the court did not err in the respects claimed.   It was not necessary to confine the evidence to the condition of the rails at the exact place of the accident.   In any event we can not see how the evidence was prejudicial to appellant, for the other evidence was quite clear that at the very place of the accident the track was in

bad condition. When the objection was made as to the evidence relating to the condition of the switch and its rails, counsel for appellee stated that he understood appellant would claim the accident occurred at the switch, and if counsel would then state that he would not make such a claim, it might be stricken out; but counsel for appellant making no response, the court, and we think properly, overruled his objection, and motion to strike out. Complaint is also made that the court erred in permitting testimony as to the speed of the passenger engine, and as to whether a bell was rung or whistle blown or any warning given of its approach. We think this evidence was admissible as part of the *res gestæ*. This engine was going in an opposite direction on a track to the north from the engine, on the south end of the foot-board of which deceased was standing when it ran off the track. The speed of the passenger engine, and whether or not there was any warning of its approach, was not only competent but very important as bearing upon the question of deceased's care. We are of opinion that because this evidence was important the court did not err in allowing appellee, in rebuttal, to show that appellant's engineer and fireman, who ran the passenger engine, had been present in the court room during the trial, that they were still in appellant's employ and were not in court at that time (not having been called to testify by appellant). Of all persons, most certainly the engineer and fireman knew the speed of their engine, and what warning, if any, was given of its approach, and appellee might well have claimed, if it was going rapidly, as the evidence tended to show, and no warning was given, that deceased had no knowledge that it was near, and therefore was not guilty of contributory negligence. 1 Jones on Evidence, Sec. 17; Consolidated Coal Co. v. Scheiber, 167 Ill. 546.

4th. The eleventh instruction asked by appellant and refused was, viz.:

" 11. If the jury believes from the evidence that the derailing of the car did not place the deceased in peril, and that he could easily have avoided all danger by stepping

from the foot-board of the engine to the south side of the engine, and that a reasonable and prudent man would, under the circumstances, have done so, then the jury must find the defendant not guilty."

We think this instruction was properly refused, because, so far as it may be said to be proper, the tenth and twelfth instructions given sufficiently instruct the jury. It omits however, an important element, that is, that while deceased might not, as matter of fact, have been in a place of peril, it may have seemed to him, under the circumstances which suddenly confronted him, that he was in imminent peril, and therefore not necessarily guilty of contributory negligence. Ry. Co. v. Becker, 76 Ill. 25–31; D. T. & W. Co. v. Dandelen, 143 Ill. 416.

The ninth instruction, as asked, was, viz.:

" 9.    Every person in entering upon the employment of another assumes all the usual risks of that employment. If such employe is set to work upon a defective track and continues in that employment after having had an opportunity to observe the condition of the track, then he assumes the risks of working upon such track, and for any accident occurring through the condition of said track he can not recover damages."

This instruction was modified by the insertion of the words "and know," after the word "observe," in which we think there was no reversible error. It is not enough to prevent the servant's recovery that he observes a condition existing, but he must know, or by the exercise of ordinary care should know, the attendant danger of such condition. Consolidated Coal Co. v. Haenni, 146 Ill. 614–25; Illinois Steel Co. v. Schymanowski, 162 Ill. 447–59.

The instruction numbered twelve and a half, as asked, was, viz.:

"12½.    If the jury believes from the evidence that the deceased passed over the foot-board from the south to the north side of the track, and was negligent in so doing, and that such act of deceased contributed materially to the accident, then you must find the defendant not guilty."

The court modified it so that it read as given, viz.:

"12½. If the jury believes from the evidence that the deceased passed over the foot-board from the south to the north side of the track, and taking into consideration the circumstances surrounding him, as shown by the evidence, as they appeared to him at the time, was negligent in so doing, and that such act of deceased contributed materially to the accident, then you must find the defendant not guilty."

We think the modification was a proper one.

5th. The written motion for new trial did not assign as a reason for granting a new trial that the damages were excessive. It is now, for the first time in this court, too late to assign it for error. Not having presented this point to the trial court, it is waived. Morier v. Moran, 58 Ill. App. 240; Jones v. Jones, 71 Ill. 562; R. R. Co. v. McMath, 91 Ill. 104–12.

The judgment is affirmed.