## The Pittsburg, Cincinnati, Chicago & St. Louis Railway Company v. Harry Campbell.

### Gen. No. 11,520.

1. RES IPSA LOQUITUR—*when doctrine of, applies.* Where the injury to the plaintiff resulted by reason of a passenger train of the defendant crashing into the rear of a moving work train upon which the plaintiff was riding, the doctrine of *res ipsa loquitur* applies and negligence upon the part of such defendant will, in the first instance, be presumed.

2. VERDICT—*when, not disturbed.* Where the verdict is based upon conflicting evidence, it will not be disturbed because the Appellate Court might, upon submission of the case to it for trial, find the preponderance of the evidence in favor of the appellant.

3. STATEMENT OF COUNSEL—*what improper.* A statement of counsel in argument that the defendant would appeal from a small verdict as quickly as from a large one, is improper.

4. CONDUCT OF COUNSEL—*when, cannot be complained of.* In the absence of an exception taken in apt time in the trial court, conduct of counsel cannot be complained of on appeal.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904.

GEORGE WILLARD and GEORGE W. BRANDT, for appellant.

J. D. RILEY, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant ran a train between its round house on Kinzie street to its shops at Fifty-ninth street in the city of Chicago, for the conveyance of its workmen. No fare was charged and employees only were permitted to ride. February 22, 1901, at about seven P. M., while appellee and other employees of appellant were being thus carried from their work at the shops to the round house, the train was run into by a regular passenger train operated by appellant on the same track and going in the same direction. Appellee, without fault upon his part, was severely injured in this rear end collision.

The negligence which caused the accident was that of the servants of appellant in charge of and operating the passenger train. The work train had properly gone out on the main track and was proceeding regularly on its way. The track in the vicinity of the scene of the accident was straight. The work train could be seen from the passenger train for more than a mile before they collided. Appellee brought suit for damages, and recovered a judgment in the sum of $8,000. Appellant then took this appeal.

Appellant asserts that evidence of the mere fact of the collision is not *prima facie* proof of negligence upon its part. That depends upon the circumstances of the particular case. An accident speaks for itself when its cause is under the control of the party who brings it to pass. This principle is expressed in the maxim *res ipsa loquitur*. " In many cases it has been held that, in a suit by a passenger against a carrier for an injury, the mere proof of the accident by which the injury was occasioned is sufficient to throw the burden on the carrier to show that he exercised due care." N. Chi. St. Ry. Co. v. Cotton, 140 Ill. 494, citing G. & C. Union Ry. Co. v. Yarwood, 17 Ill. 509, 519; P., C. & St. L. Ry. Co. v. Thompson, 56 Ill. 138; P., P. & J. Ry. Co. v. Reynolds, 88 Ill. 418; and Eagle Packet Co. v. Defries, 94 Ill. 598. This is the rule even where the relation of carrier and passenger did not exist. In Byrne v. Boadle, 2 Hurls. & Colt. 722, a barrel fell out of the window of a warehouse upon a pedestrian in the highway. The defendant was held liable without other proof of negligence. In Scott v. London, etc. Docks Co., 3 Hurls. & Colt, 596, six bags of sugar fell from a doorway upon an officer of the customs while in discharge of his duty. The court say : " There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or of his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation

by the defendant, that the accident arose from want of care." These cases are cited with approval in the Cotton case, *supra*. See, also, I. C. Ry. Co. v. Phillips, 49 Ill. 234, S. C., 55 Ill. 199. In the case at bar the passenger train, if run with reasonable care, would not have crashed into the rear of the moving work train. Hence the maxim *res ipsa loquitur* governs.

Appellant says that the only negligence charged in the declaration is in the handling of the work train, and therefore there can be no recovery for negligence, if any, in the management of the passenger train. Appellant has not carefully read the declaration. The second count contains the charge that " the defendants so carelessly managed and conducted said train (the work train) that it was    *    *    * negligently exposed to the great danger of being run into by one of the passenger trains    *    *    * which said passenger train the said Pittsburgh, Cincinnati, Chicago & Saint Louis Railway Company so carelessly and negligently managed that the engine of said passenger train ran into the said train on which the plaintiff then was." The third count specially charges the appellant with neglecting to safeguard the work train against the danger of such collision.

The negligence which caused the injury of appellee being solely that of those employees of appellant who were operating the passenger train, the question of fellow-servant is not in the case.

Whether or not the subsequent paralysis of appellee is due to the injuries he received in the collision, was sharply contested between the expert witnesses called by the contending parties. It may be that if the case were submitted to us for trial we would find the preponderance of such evidence in favor of appellant; but that is a question which was submitted to the jury. They were the judges in the first instance of the credibility of such witnesses and of the weight to be given to their testimony, and the verdict shows that they believed those called by appellee. As the finding in this regard is supported by the evidence and is

not clearly and manifestly against its weight, we cannot disturb the verdict.

The statement of counsel of appellee in argument that appellant would appeal from a small verdict as quickly as from a large one, was improper; but when the court stated that it should not have been made, counsel withdrew it, and asked the jury not to consider it. It further appears that no exception was taken to such remark. Unless an exception is taken in apt time in the trial court to the conduct of counsel, the point will not be considered on appeal. W. Chi. St. Ry. Co. v. Waniatta, 169 Ill. 19; N. Chi. St. Ry. Co. v. Shreve, 171 Ill. 438; Quincy G. & E. Co. v. Baumann, 203 Ill. 295.

There is no complaint made as to the giving or to the refusing of instructions. Nor is it claimed that the damages are excessive.

We therefore affirm the judgment of the Superior Court.

*Affirmed.*