## Effie Britton, Appellee, v. St. Louis Transfer Company, Appellant.

1. NEGLIGENCE—*when doctrine res ipsa loquitur applies.* If a person on a public street is injured by being struck by merchandise falling from a passing wagon, the doctrine *res ipsa loquitur* applies.

2. NEGLIGENCE—*when doctrine res ipsa loquitur applies.* "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or of his servants, and the accident is such that in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." The mere proof of an injury under such circumstances entitles the plaintiff to recover, unless the defendant shall rebut the *prima facie* case by showing that it exercised due care, or that it was not guilty of the negligence charged.

3. APPEALS AND ERRORS—*when refusal of peremptory instruction not subject to review.* If the defendant at the close of the plaintiff's case moves for a peremptory instruction the right to insist upon the refusal of such motion as error is waived by subsequently introducing evidence.

4. VARIANCES—*when question cannot be urged on review.* In order to avail of a variance between the declaration and the proofs such variance must be specifically pointed out in the trial court.

5. PRACTICE—*when motion for continuance properly denied.* If an amendment is made to a pleading during a trial which it is claimed operates by way of surprise, a motion for a continuance is properly denied if the affidavit filed in support thereof does not show that if the continuance is granted competent evidence will be available to the moving party.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910.

WISE & KEEFE, for appellant.

J. M. BANDY and D. J. SULLIVAN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This appeal is by the St. Louis Transfer Company

from a judgment of the City Court of East St. Louis
for the sum of $500 recovered by Effie Britton against
appellant in an action on the case for personal injuries
alleged to have been caused by appellant's negligence.
During the afternoon of September 12, 1908, while
walking between Fourth and Broadway on the north
side of Washington avenue, a public street of the city
of St. Louis, Missouri, on her way to Eads Bridge to
take a car to her home in Granite City, Illinois, appel-
lee was struck and injured about her arms, side and
lower limbs by a crate of oak table-tops that fell from
the top of one of appellant's large stake wagons loaded
with furniture and standing at the sidewalk in front of
the store of the Hub Furniture Company. Fred
Gruentzinger, a teamster of appellant, had driven this
load of furniture up to the sidewalk there and was
unloading it by the assistance of two of said furniture
company's men. The sidewalk at that place is stone
or concrete and is about ten or twelve feet wide; but
on that occasion there was only about five feet of clear
space in which to travel between the wagon and the
building, owing to the fact that quite a lot of furniture
had been piled up against the building opposite the
wagon. The declaration charged appellant with negli-
gently loading said wagon with furniture, and so negli-
gently handling and managing the same that a certain
crate of table-tops fell from the top of said load upon
the plaintiff, thereby knocking her down and injuring
her as aforesaid. At the close of all the evidence the
court denied appellant's motion for peremptory in-
structions, and after verdict overruled defendant's
motion for a new trial.

Appellant insists that the court should have directed
a verdict of not guilty. The evidence for the plaintiff
discloses that appellee was in the exercise of reason-
able care for her safety while passing the wagon in
this five foot space between it and said building, and
in which she was struck by said crate falling on her
from the top of the load which was ten or eleven feet

above the sidewalk. The crate was four or five feet square and about twelve inches thick, and it and the wagon from which it fell were entirely in the custody and control of appellant's teamster. Appellee had nothing to do with the fall of the crate. She had not even touched it, so far as the evidence shows, until she was struck with it. The stakes had been taken out of the wagon by the teamster on the side next to the sidewalk for the purpose of unloading. These stakes were five or six feet long and the furniture was piled up over the tops of the stakes and was loose, that is, untied. The driver was on top of the furniture and started to lift this crate from the wagon when it fell on appellee. It was also proved that appellant was the owner of the wagon and team. The foregoing evidence makes a *prima facie* case against appellant, as it falls fairly within the maxim *res ipsa loquitur,* which in plain English means that the occurrence speaks for itself. This doctrine is thoroughly approved by our Supreme and Appellate Courts, and is well stated by an English Judge in Scott v. London, etc., Docks Co., 3 Hurls & Colt, 596, in this language: ''There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or of his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.'' The mere proof of an injury under such circumstances entitles the plaintiff to recover, unless the defendant shall rebut the *prima facie* case by showing that it exercised due care, or that it was not guilty of the negligence charged. The Pittsburgh, etc., Ry. Co. v. Campbell, 116 Ill. App. 356; Union Traction Co. v. Newmiller, 215 Ill. 386; North Chic. St. Ry. Co. v. Cotton, 140 Ill. 494; Elvis v. Lumaghi Coal Co., 140 Ill. App. 112.

Appellant's explanation of the occurrence there is furnished by its said teamster, who testified in sub-

stance that when he started to unload he untied the rope holding the furniture, and took out four stakes and commenced to unload the top first by passing the crates down to two men of the Hub Furniture Co.; that after he had gotten them half off, he started to the other part of the wagon for the table-tops and when he undertook to walk on them two of them went out from under his feet; that they slipped off and that the cause of their slipping off was his walking on them. He also says the load was loaded up pretty high. His testimony rather strengthens the *prima facie* case of negligence made by plaintiff instead of rebutting it. The real contention of appellant is that the proof did not sustain the allegation of negligence in the original declaration that the appellant "negligently backed one of its wagons against the sidewalk, which was negligently and improperly loaded with furniture, and thereby a piece of furniture was made to fall," etc. It is true that the evidence for the defendant clearly rebuts this charge in the original count, but the declaration was amended after all the evidence for both parties was taken, and the question now is whether or not the proof sustains the amended declaration and we think it does so very clearly. By introducing evidence after plaintiff's evidence in chief was taken, appellant waived its right to insist on its motion for a peremptory instruction at the close of plaintiff's evidence. The question now is on the whole record, does the whole of the evidence for both parties sustain the plaintiff's case? The Chic. City Ry. Co. v. Martensen, 198 Ill. 511; Knights T. Indem. Co. v. Crayton, 209 Ill. 554.

It is said in the case in 140 Ill. 495, *supra:* "Even if it be admitted that the presumption is one of negligence generally, and not of any specific negligence, we think it sufficient to throw upon the defendant the burden of rebutting the specific negligence alleged." In other words the knowledge of the facts being possessed only by the defendant, it must reveal them and show that it is not guilty of the specific negligence charged,

or verdict must go against it. Besides in order to avail itself of a variance between the original declaration and the proofs, appellant should have specifically pointed out this variance to the court in its motion for peremptory instructions. City of Springfield v. Rosenmeyer, 52 Ill. App. 301; Union T. Co. v. Newmiller, 215 Ill. 386.

What we have already said is a sufficient answer to appellant's contention that the court improperly allowed plaintiff to amend her declaration. Until her counsel learned the real facts from defendant's evidence, she was compelled to rely on her *prima facie* case. She was not compelled to make the driver, a supposedly hostile witness, her own witness; and she had a right in the first instance to rely on her *prima facie case*. "Any time before final judgment in a civil suit amendments may be allowed on such terms as are just and reasonable * * *." Hurd's Stat. 1908, chap. 110, sec. 39. This statute contemplates just such instances as occurred in this case, and the court could not have reasonably refused the request of plaintiff to amend her declaration. No further evidence was introduced by either party after the amendment. The amendment was simply made to conform to the proofs, and no doubt would have been made earlier before appellant's witnesses were gone, had appellant disclosed to the court the variance now insisted on. Appellant had the right by statute to a continuance for further evidence, if surprised by the amendment, by filing a proper affidavit. The affidavit filed by appellant simply states that the "defendant will be able to produce witnesses to testify that the goods or crates which were handled by the defendant in charge of said wagon were not carelessly handled by the defendant, and that such fact can be proved by at least two persons of the Hub Furniture Co. whose names are not known to defendant." This evidence would not have been admissible if offered, as it would have been a mere conclusion of the witnesses, amounting to a finding by such witnesses

upon an ultimate fact upon which the jury had to pass their judgment. This would have been an invasion of the province of the jury. Section 42 of our new practice act allowing continuances and amendments, provides that if the cause of such continuance "is on account of material evidence which the party cannot produce,—stating in such affidavit what particular facts the party expects to prove by such evidence, and that he verily believes that if the case is continued, he will be able to procure the same," the cause shall not be continued, "if the other party will admit the affidavit in evidence subject to the effect given to affidavits for a continuance in this chapter." The plaintiff had the right to admit that the absent witnesses would swear to the facts defendant desired to prove and prevent a continuance, and as the affidavit contained no statement of facts admissible in evidence, the court properly overruled the application for continuance without requiring plaintiff to admit said affidavit. Besides the driver gave his version of the matter by stating the actual facts, and the mere opinion of these witnesses that he was not negligent, would not have added any legitimate evidence in this regard. Said section 42 also provides "that the court may overrule such application for continuance, if it is satisfied such evidence would not be material on the trial of the cause."

We cannot agree with appellant's counsel that the teamster was the servant of the Hub Furniture Co., and not of appellant in the unloading of the furniture. It is true that a general servant may be loaned to a third party for some special service, or become the servant of such third party, and as to that service he will become the servant of such third party, if he is subject to the direction and control of the latter. But there are no facts in this record that establish the relation of master and servant between said driver and the Hub Furniture Co. The facts that the driver accommodated said company by taking first from the wagon such articles as they were then in need of, and by plac-

ing the furniture where they desired it stored, do not establish the relation of master and servant. Neither does the statement of the driver that it was the duty of the Hub Furniture Company to receive the goods establish any such relation. The evidence is far from establishing that said furniture company had the absolute right to direct and control the driver in the matter of the unloading of the furniture, which is the proper test of such a relation. Being clever and accommodating is not necessarily an evidence that the party exhibiting such traits is under the absolute control and direction of the parties to whom such courtesies are shown. Clapp v. Kemp, 122 Mass. 481; Grace & Hyde Co. v. Probst, 208 Ill. 147; Chic. Hy. P. B. Co. v. Campbell, 116 Ill. App. 322; Pioneer Const. Co. v. Hansen, 176 Ill. 108; P. C. C. & St. L. Ry. Co. v. Bovard, 223 Ill. 182.

There was no error in refusing appellant's instruction on the same question for the reason that the jury were not required to find by that instruction from the evidence the necessary facts to constitute or prove that the teamster was the fellow-servant of the furniture company in unloading the furniture. The negligence complained of was that of the driver of that wagon, and to determine who was responsible for his negligence, the question for the jury to determine was as to whose servant he then was, and not as to whether or not some one else was receiving the goods as their part of the transaction and assisting him in such unloading. Unloading the wagon was a part of the servant's business or work on that occasion, and he was only proven to be the servant of appellant.

There appears to be no sufficient reason shown for the reversal of the judgment of the lower court, and it is therefore affirmed.

*Affirmed.*