## Laura M. Jensen, Appellee, v. East St. Louis Railway Company, Appellant.

1. CARRIERS, § 452*—*when declaration is sufficient in action by passenger for injuries received as result of becoming frightened at fallen trolley wire.* Where a declaration charged that while plaintiff was a passenger on a certain street car "the trolley wire broke, or became detached from its fastenings in some manner unknown to plaintiff, and fell upon and around the car, causing great flashings of electricity, explosions and great and startling noises, which greatly frightened the occupants of the car, and endangering their lives by exposing them to live wires," and, believing her life to be endangered, plaintiff jumped from the car in an effort to escape and was injured, *held* that a good cause of action was stated although the declaration did not specifically charge that defendant was guilty of negligence.

2. CARRIERS, § 462*—*when res ipsa loquitur rule applies.* The *res ipsa loquitur* doctrine applies to an injury to a passenger on an electric street car sustained on jumping from the car to escape danger from a fallen trolley wire, the flashes and reports from which terrified the passengers.

3. NEGLIGENCE, § 200*—*when contributory negligence of person in time of sudden danger is question for jury.* In times of sudden danger or threatened peril, the injured person is not charged with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

using the safest way to avoid the danger, but to act under such judgment only as an ordinarily prudent person might exercise under the circumstances and conditions as they existed at the time, and the question is for the jury to decide whether a party who was hurt by his own act in attempting to escape from injury when put in sudden danger by another's negligence acted as a reasonably prudent person might have done under the same circumstances.

4. CARRIERS, § 480*—*when question whether evidence is sufficient to rebut presumption of negligence is for jury.* Where a person was injured while trying to escape from a live trolley wire on a street car, under circumstances to which the doctrine of *res ipsa loquitur* applied, *held* that the effect of such doctrine was merely to raise a presumption that the injury was caused by the fault of the street car company, but this inference might be rebutted, and whether or not the proofs in the case were sufficient to rebut the presumption of negligence on the part of such company raised by such doctrine was, under all the circumstances, a question of fact for the jury.

5. APPEAL AND ERROR, § 1539*—*when giving of instruction is harmless error.* Where an instruction to the jury states an abstract proposition of law, the court might for that reason refuse it, but the giving of such an instruction is not reversible error, because it is abstract in form.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

BARTHEL, FARMER & KLINGEL, for appellant.

W. L. COLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment in favor of Laura M. Jensen, appellee, against East St. Louis Railway Company, appellant, for $700 on account of injuries she received upon the occasion of the breaking of the trolley wire furnishing electric power to a car of appellant, running on the Caseyville road in the City of East St. Louis, and upon which she was a passenger.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The declaration, which consisted of one count, averred that appellee "boarded said car to become a passenger thereon, then and there exercising due care and caution for her safety; that the car, which was then and there under the control of defendants by its servants and employees, started; that the trolley wire broke, or became detached from its fastenings in some manner unknown to plaintiff, and fell upon and around the car, causing great flashings of electricity, explosions and great and startling noises, which greatly frightened the occupants of the car, and endangering their lives by exposing them to live wires. * * * That believing her life to be thus endangered, plaintiff ran and jumped from the car in an effort to escape the danger, and in some manner fell upon her head," and thereby received serious injuries.

The proof showed that by the breaking of the trolley wire it was thrown down on the top of the car; that it was a live wire and threw out flashes and made sharp reports and rumblings, so that the passengers were thrown into a panic; that the motorman, being frightened, left the controller and went back into the car to protect himself; that in her excitement appellee jumped from the car while it was still in motion, although the conductor attempted to stop her, and received the injuries and shock to her nervous system complained of. It is contended by appellant that the declaration does not state a cause of action because it does not anywhere declare that appellant was guilty of negligence which caused or contributed to appellee's injury, and that therefore a motion made by it in arrest of judgment should have been sustained. Appellee on the contrary claims that the facts stated in the declaration show negligence on the part of appellant and therefore it was not necessary to state specifically that appellant was guilty of negligence, also that the doctrine of *res ipsa loquitur* applies.

Appellee, to support her theory, relies to a large extent upon the case of *Chicago Union Traction Co. v. Newmiller*, 215 Ill. 383. In that case the declaration charged the plaintiff was a passenger on one of defendant's electric Lake street cars; that while she was in the exercise of ordinary care for her own safety, a fuse exploded, causing a loud report and a large amount of flame and smoke on said car, caused by the recklessness and negligence of the defendant, which explosion, flame and smoke produced a panic among the passengers, by reason of which they made a rush for the rear door and platform, whereby the plaintiff was pushed and thrown from the car and injured. In the course of the opinion in that case, it is said: "As to the explosion being the result of the negligence of appellant, while, as a general rule, negligence is not to be presumed, there are well understood cases where the circumstances of the accident afford sufficient prima facie evidence of negligence. We think the case at bar falls fairly within the maxim *res ipsa loquitur*. Where an injury occurs to a person who is a passenger, in the exercise of ordinary care, upon the car of a common carrier, by some defect in the machinery wholly under the control of the carrier, a prima facie case of negligence on the part of the carrier is established, and the burden of proof is upon it to show that the accident was without its fault. * * * It is again insisted that the declaration is defective in that it does not allege that appellee was injured by the explosion or in endeavoring to escape from danger apprehended by her from the explosion, but that she was injured by the passengers in rushing out of the car, there being no negligence shown or alleged against appellant in receiving the other passengers or in failing to restrain them; also, that the evidence shows that appellee jumped or fell from the car, and that she was not pushed or thrown therefrom.

We do not consider either contention tenable. The declaration avers that the injury was the result of the explosion; that it created a panic among the passengers, causing them to rush to the rear door, appellee among them, and in the excitement she was pushed from the car onto the pavement and received the injury. These allegations were clearly sufficient to sustain the plaintiff's action, especially after plea and verdict, and, as we have seen, the evidence fairly tends to sustain the declaration.''

In *Garner v. Chicago Consol. Traction Co.,* 150 Ill. App. 149, the sudden blazing out of a flame from the controller on an electric street car, causing a panic among the passengers, was held to have afforded prima facie evidence of negligence on the part of the traction company, and the doctrine of *res ipsa loquitur* was declared to be applicable to the case. In referring to the rule of *res ipsa loquitur* in *Britton v. St. Louis Transfer Co.,* 155 Ill. App. 317, this court said: ''This doctrine is thoroughly approved by our Supreme and Appellate Courts, and is well stated by an English judge in *Scott v. London, etc., Docks Co.,* 3 Hurls. & Colt. 596, in this language: 'There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or of his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' The mere proof of an injury under such circumstances entitles the plaintiff to recover, unless the defendant shall rebut the prima facie case by showing that it exercised due care, or that it was not guilty of the negligence charged. *Pittsburg, etc., Ry. Co. v. Campbell,* 116 Ill. App. 356; *Union Traction Co. v. Newmiller,* 215 Ill. 386; *North Chicago St. Ry. Co. v. Cot-*

*ton,* 140 Ill. 494; *Elvis v. Lumaghi Coal Co.,* 140 Ill.
App. 112.'' It would thus appear that where the
acts as stated in the declaration show negligence on
the part of the defendant, it is not necessary to spe-
cifically charge that the defendant was guilty of neg-
ligence for the reason that the legal interpretation of
the acts stated in the declaration, of themselves, con-
stitute negligence. We are therefore of opinion that
under the above authorities the declaration in this
case stated a cause of action, and the law stated in the
same authorities, when applied to the facts in this
case, demonstrates conclusively that the doctrine of
*res ipsa loquitur* applies.

It is contended by appellant that appellee was
guilty of contributory negligence for the reason that
she did not keep her seat and remain in the car when
the trolley wire broke. The rule is well settled in this
State that in times of sudden danger or threatened
peril the injured person is not charged with using the
safest way to avoid the danger, but to act under such
judgment only as an ordinarily prudent person might
exercise under the circumstances and conditions as
they existed at the time. The fact that after being put
in sudden danger by appellant's negligence appellee
was hurt by her own act, in attempting to escape from
injury, does not necessarily charge her with contribu-
tory negligence, but leaves it a question for the jury
to decide whether she acted as a reasonably prudent
person might have done under the same circumstances.
*Dunham Towing & Wrecking Co. v. Dandelin,* 143 Ill.
409; *Chicago & G. T. Ry. Co. v. Kinnare,* 76 Ill. App.
394. In *Jones v. Boyce,* 1 Starkie 493, the plaintiff,
who was a passenger in a stagecoach, became alarmed
at an accident and jumped off the coach, in conse-
quence of which his leg was broken. A judgment
against the proprietor of the coach in favor of the per-
son injured was sustained, although the coach was not
actually turned over, upon the ground that there ex-

isted a reasonable cause for alarm on the part of the person injured. In *Chicago Union Traction Co. v. Newmiller,* above referred to, a judgment was sustained in favor of a street car passenger, who rushed to the rear of the car and was pushed off, her fright being caused by the explosion of a fuse, which caused a sudden noise from the controller and flames to shoot out of it. The question as to whether appellee was in the exercise of ordinary care in this case was therefore one for the jury, and the facts were, under the law, sufficient to sustain her claim that she was using such care.

The effect of the doctrine of *res ipsa loquitur* is merely to raise a presumption that the injury was caused by the fault of the appellant, but this inference may be rebutted, and it remains to be considered whether the evidence in this case rebuts the inference that the injury was occasioned by the failure of appellant to use due care. The trolley wire causing the trouble broke at a splice, described as a Philadelphia splice, which was made by bending the ends of two wires back in the form of a hook and soldering them together, the splice being then inclosed in a copper sleeve and covered with lead. It was shown that an employee of appellant, known as the "trouble man," examined the line at frequent periods and that he had gone over this line and examined the wire about eight days before the accident; that he stopped at this connection, looked at it, tapped it with a hammer and reported it "O. K." It was shown that this manner of splicing was one in general use by electric lines and that upon investigation, after the accident, it could not be discovered what had caused the wire to break in the sleeve. Appellee claimed that the wire inspector did not make sufficient examination of the splice when he last examined it. He testified that the break looked to him like a new break and that in his judgment the

wire looked good. He also said: "I sat on the top
of the tower and rode along at the rate of four miles
an hour. We stopped at all connection joints. We
stopped at this connection. I looked at it and tested
it by my eye. I did not put any pull test on it for it
already had that. It had three or four hundred pounds
as it hung there. I did ·not test that joint to see if
there was any defect in it. I only looked at it. I saw
nothing wrong with it. That was · about eight days
before the accident. I do not mean to say that is all
I could do. It is all I did. That is what I mean by
inspection.   *   *   *   I never put any pull test to it
other than its own weight. . It has a pull test of about
four hundred pounds.   *   *   *   When I tested these
joints I tapped them with a hammer.   *   *   *   I do
not know when it was put in or whether it was de-
fective when it was put in.   *   *   *   In a sleeve like
this you could not discover a defect." Another wit-
ness for appellant, its superintendent of power, tes-
tified: "It is possible for wires to go into those
sleeves that have not been properly constructed. You
cannot see the wire in the sleeve, but you can see it
before it is put in." The statements of the wire ex-
aminer quoted above are those which are most favor-
able to appellee and are merely quoted to show that
there was some question as to whether the last ex-
amination of the splice was a thorough one or not.
Whether or not the proofs in the case were sufficient to
rebut the presumption of negligence on the part of ap-
pellant, raised · by the doctrine of *res ipsa loquitur*
applicable in this case, as above set forth, was, under
all the circumstances, a question of fact for the jury,
and by their verdict they must have determined that
issue against appellant.

Appellant complains of the first instruction given
for appellee, but the law laid down in it appears to
us to be substantially the same as that contained in

an instruction approved by our Supreme Court in *Chicago Union Traction Co. v. Newmiller, supra.* It is true the instruction in this case states an abstract proposition of law, but while the court might for that reason refuse it, yet the giving of such an instruction is not reversible error, because it is abstract in form. Two other instructions given for appellee and complained of by appellant appear to be in conformity with our views of the law as hereinbefore set forth, and the objections to them are not well taken. The judgment of the court below in this case will be affirmed.

*Affirmed.*