FOURTH DISTRICT—FEBRUARY, 1925.     95

Funkhouser v. Illinois Bankers Life Assn., 237 Ill. App. 95.

## George H. Funkhouser, Appellee, v. Illinois Bankers Life Association, Appellant.

1. INSURANCE—*necessity for delivery of policy.* Delivery of policy was a condition precedent, and a fact necessary to be shown by beneficiary suing on life policy.

2. INSURANCE—*sufficiency of delivery of policy.* Where a son negotiated with an insurer for insurance on the life of his mother in his favor, delivery of the policy to the son or any member of his family for him was a sufficient delivery to render the insurance effective.

3. INSURANCE—*delivery of policy while in good health.* Evidence held sufficient to support a finding that a life policy was delivered to the insured while she was in good health.

4. TRIAL—*waiver of motion for peremptory instruction.* Defendant by introducing evidence in its own behalf waived all benefit of motion for peremptory instruction made at close of plaintiff's evidence.

5. TRIAL—*motion for peremptory instruction at close of all evidence.* On motion for peremptory instruction at the close of all the evidence, the question is as to whether all the evidence, plaintiff's and defendant's, will sustain a finding for the plaintiff, and it is immaterial that defendant made the same motion at the close of plaintiff's evidence.

6. INSURANCE—*when modification of instructions not error.* In action on a life policy, where defendant offered instructions that policy must have been delivered while insured was in good health and that it made no difference that the insured was ignorant of the condition of her health or actually believed that she was in good health if in fact she was not, the court did not err in modifying them by striking out the reference to insured's knowledge or belief, the meaning of the offered and modified instructions being the same.

Appeal by defendant from the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925. Rehearing denied March 24, 1925. *Certiorari* denied by Supreme Court (making opinion final).

WHITFIELD, DECK & COLEMAN, for appellant.

WILLIAM P. BOYNTON, for appellee.

Funkhouser v. Illinois Bankers Life Assn., 237 Ill. App. 95.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, George H. Funkhouser, brought suit in assumpsit to recover on a policy of insurance executed by appellant, the Illinois Bankers Life Association, to Lucinda Ranier, mother of appellee, in which appellee was named as a beneficiary. The declaration set out the application, medical examination and policy. To this declaration appellant filed the general issue and ten special pleas. These special pleas, in varying form, allege in substance that according to the provisions of the policy it was necessary for it to be delivered to the insured while in good health to be effective and denied that it had been delivered to the insured; and also that, if in fact delivered, it had not been delivered while she was in good health. These pleas also set up as a defense that even though the policy had been properly delivered there had been a breach of it because of the falsity of material representations and warranties made by the insured in her application to the effect that she never had consumption, spitting of blood or habitual coughing.

Appellee replied to these special pleas stating that if the insured were not in good health at the time of the alleged delivery of the policy she was not aware of her ill health, and that if she made false statements in her application concerning the presence of tuberculosis in her system and the spitting of blood and habitual coughing she was not aware of such falsity. It would seem that demurrers were filed to these replications. Attorneys for the parties do not agree as to just what was the court's ruling on these demurrers nor does the record clearly disclose same, yet it is in effect admitted by the attorneys for both parties that the pleadings were sufficient to raise all the questions relied upon by appellant for a reversal of this judgment. Upon a trial before a jury a verdict was returned for appellee for $2,000, the amount

of the policy. After overruling a motion for a new trial judgment was entered on the verdict and this appeal followed. It appears from the evidence that the insured was a resident of Omaha, Illinois, and on the 13th day of October, 1922, was in Alton, Illinois, visiting her son, the appellee herein. While she was visiting at his home appellee called upon Frank A. Bierbaum, an agent of appellant, and requested him to come to his home and take his mother's application for insurance which the agent did. The application was forwarded to appellant and its medical examiner examined the applicant. On either the 21st or 22nd day of November, 1922, appellant issued the policy herein sued on and transmitted the same to its agent Bierbaum for delivery to the insured. It appears from the testimony of appellee and the agent that the agent on either the 23d day of November, 1922, or within five days thereafter, took the policy to appellee's home and there either delivered it to appellee or some member of his family. Whether the agent delivered it to appellee or to some member of his family at any rate it came into appellee's hands within a few days and remained in his possession until turned over to his attorney for the commencement of this suit. The policy contained the usual and apt provisions for making both the policy and the application the contract of insurance. The application contains the following provision: "I agree that the insurance herein applied for shall not take effect until the first premium is actually paid and the policy is issued and delivered to me during my life and good health."

The first ground urged by appellant for a reversal of this judgment is that the evidence above mentioned concerning the delivery of the policy shows that it was never delivered to the insured, and that under the above quoted provision of the application it was a condition precedent to the going into effect of the policy that it should be delivered to the in-

sured; that as the proof failed to show such delivery the policy was never in effect; and that the court erred in refusing to grant appellant's motion at the close of appellee's testimony to direct a verdict in its favor. On the trial appellee testified in his own behalf to his relationship to the assured and the issuance of the policy; that the insured died on November 14, 1923, the execution and furnishing to the appellant of proofs of death, payment of premium, nonpayment of policy and other facts concerning the delivery of the policy. He also presented appellant's agent, Frank A. Bierbaum, who testified to the facts concerning the delivery of the policy substantially the same as appellee. The policy was introduced in evidence over the objection of appellant that it was incompetent and immaterial and that no foundation had been laid for its introduction. Appellee then rested and appellant moved for a peremptory instruction in its favor which the court refused to give. Appellant then recalled its agent who identified the application of insurance which was introduced in evidence without objection. Appellant then called Dr. E. S. Barger of Omaha, Illinois, who testified that he was called to see the insured on the 10th day of May, 1923, and found her with a temperature of 102, coughing and very thin in flesh and stated that she informed him she had been coughing blood. This witness further testified that upon examination at that time he found that insured had a diseased condition of the right lung, and that there was an abscess or a cavity in the upper portion of the right apex of that lung, which seemed to be as large as a half dollar, and that he then diagnosed her illness as pulmonary tuberculosis. This witness further testified that from the condition in which he found the lung he was of the opinion insured had been suffering from pulmonary tuberculosis for a year or longer prior to the time he examined her on May 10, 1923, and that in his opinion she could not have been in

good health on November 22 to 26, 1922, and that it was his further opinion that she died from tuberculosis of the intestine which was a secondary infection from the pulmonary trouble in the lungs. Appellant then placed upon the stand Dr. James Whitney Hall, who after amply qualifying as an expert in such matters testified that accepting the statement of Doctor Barger as a true statement of the condition he found the insured in on May 10, 1923, in his opinion the assured was not in good health on November 23, 24, 25 or 26, 1922, and that she had been suffering from pulmonary tuberculosis previous to May 10, 1922, for probably two years. Appellant then rested and renewed the motion for a peremptory instruction which the court again refused. Appellee placed on the stand in rebuttal five witnesses, former neighbors of the insured, who testified in substance that they were acquainted with the insured and saw her frequently about the time the policy was issued and were of the opinion that she was then in good health. Appellee also testified to this same fact in rebuttal. It does not appear from the abstract that appellant objected to the introduction of this testimony on the ground that it was not proper in rebuttal. It does appear, however, that appellant objected to the testimony of these witnesses upon the ground that they had not qualified as experts in that matter, and that their testimony amounted only to the conclusions of lay witnesses, but the court overruled these objections and admitted the testimony.

Appellant at the close of the testimony in rebuttal again renewed its motion for a peremptory instruction which was again denied by the court.

We agree with attorney for appellant that the delivery to the insured of the policy was a condition precedent and a fact which it was necessary for appellee to prove before he was entitled to recover in this case. Such is the uniform holding of courts of review in this State and it is not necessary to cite

authorities in support thereof. However the evidence is clear that appellant forwarded this policy from its office in Peoria to its agent in Alton who had taken the application, for the sole and only purpose of delivery to the insured; that it was intended by the agent and all parties interested that this should be a delivery of the policy, and that appellant, through its agent, parted with all control over the policy. Appellee had requested the agent to take the application, had arranged with the medical examiner for the examination and in fact had taken charge of the matter for his mother and did all the negotiating with appellant's agent. The evidence does not disclose that there were any conditions or reservations attached to this delivery by the agent of appellant. The premium was paid in full and no return of the sum has been made or offered by appellant. We are of the opinion that in effect and in law the delivery to appellee or some member of his family for him was under the circumstances as much a delivery to the insured as though the policy had been actually delivered to her.

Appellant further contends that even though the policy was delivered as required by its provisions, yet it was a further condition precedent that it be delivered while the insured was in good health, and that it was necessary for appellee to prove this fact in his case in chief before the policy was admissible in evidence and that therefore the court erred in refusing to give appellant's peremptory instruction at the close of appellee's case in chief. The oral testimony tending to show that the assured was not in good health at the time of the application or when the policy was delivered to her is the testimony of Doctor Barger who did not see the assured until many months after the application and delivery of the policy and the testimony of Doctor Hill which is based directly upon the testimony of Dr. Barger. Opposed to this testimony is the testimony of the neighbors and ap-

pellee who saw and knew the insured at about this time. While as contended by attorneys for appellant the testimony of these lay witnesses may not be entitled to the same weight as that of experts, yet in view of the fact that their testimony is based upon observation of the insured at the time in question, while that of the doctors is based upon a single examination made many months after that time, and in view of the further fact that the insured was examined as the evidence shows by appellant's own examiner whose report must have been satisfactory or the policy would not have been issued, and in further view of the fact that appellant's agent had the opportunity of seeing the insured and ascertaining her condition and of inquiring about the same before delivering the policy, we are not in a position to hold that the jury were not justified in answering the special interrogatory to the effect that the insured was in good health when the policy was delivered.

It is argued at length by attorneys for appellant that the good health of the insured at the time the policy was issued was a condition precedent necessary to be proved by appellee before he was entitled to recover in this case, and that in the absence of such proof in appellee's case in chief it was error for the trial court to deny appellant's motion for a peremptory instruction at the close of appellee's evidence. Appellant is in no position to raise that question on this appeal. By the introduction of evidence in its own behalf after its motion at close of appellee's case had been denied appellant waived all benefit of that motion and "its right to insist upon the error, if any, in refusing the peremptory instruction at close of plaintiff's evidence." (*Knights Templars & Masons Life Indemnity Co. v. Crayton,* 209 Ill. 550.) When the motion was renewed at the close of all the evidence the question then before the trial court was and now before this court is, on the whole record, does

all the evidence for both parties sustain appellee's case? (*Knights Templars & Masons Life Indemnity Co. v. Crayton, supra; Britton v. St. Louis Transfer Co.*, 155 Ill. App. 317, and *Grollman v. Montgomery Ward & Co.*, 181 Ill. App. 598.) As above stated, when all the evidence is considered we cannot hold that the verdict is manifestly contrary to the evidence on this point. Therefore it was not error for the trial court to deny appellant's motion for a peremptory instruction at the close of all the evidence.

Appellant offered instructions to the effect that the provision of the policy that it should be delivered in the life of the insured and while she was in good health was a condition precedent, and that it made no difference that the insured was ignorant of the condition of her health or actually believed that she was in good health if in fact she was not. The court modified these instructions by striking out that portion of them to the effect that it made no difference if the insured was ignorant of the condition of her health or actually believed she was in good health. The meaning and the legal effect of these instructions were the same after being modified as before, and the jury were not advised by any instructions that it made any difference if the insured did not know of her condition of health or actually believed that she was in good health.

It was clearly not reversible error for the court to modify said instructions in the manner above stated.

The judgment is affirmed.

*Affirmed.*